UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV 18-4007-MWF (PJWx)  **Date:** June 9, 2020
CV 19-1390-MWF (MAAx); CV 19-2945-MWF (PJWx)
✓SA CV 19-839-MWF (MAAx); CV 20-511-MWF (PJWx)

**Title:** Kathleen Cadena, et al. v. Am. Honda Motor Co., Inc., *and related cases*

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  Court Reporter:
Rita Sanchez  Not Reported

Attorneys Present for Plaintiff:  Attorneys Present for Defendant:
None Present  None Present

**Proceedings (In Chambers):** ORDER RE: MOTION TO CONSOLIDATE CASES [65]; MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL [67]

Before the Court are two motions:

First, there is Plaintiffs Matthew Villanueva, Steven Bienstock, Jimmy Smotherman, Larry Fain, Franzetta Cheathon, Nestor Mosqueda, and Todd Collras' ("Moving Plaintiffs") Motion to Consolidate Cases (the "Consolidation Motion"), filed on February 14, 2020. (Docket No. 65). Defendant American Honda Motor Co., Inc. ("Honda") filed a Non-Opposition on February 28, 2020, and Plaintiffs Steven Geiger, Erik Ferguson, and Andrew Paltarak ("Opposing Plaintiffs") filed an Opposition on March 2, 2020. (Docket Nos. 66, 69). Moving Plaintiffs filed a Reply on March 9, 2020. (Docket No. 71).

Second, there is Moving Plaintiffs' Motion for Appointment of Interim Class Counsel (the "Interim Class Counsel Motion"), filed on February 28, 2020. (Docket No. 67). On March 16, 2020, Honda filed a Conditional Response and Opposing Plaintiffs filed an Opposition. (Docket Nos. 73, 75). Moving Plaintiffs filed a Reply on March 23, 2020. (Docket No. 77).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 18-4007-MWF (PJWx)            Date:  June 9, 2020**
**CV 19-1390-MWF (MAAx); CV 19-2945-MWF (PJWx)**
**SA CV 19-839-MWF (MAAx); CV 20-511-MWF (PJWx)**
**Title:   Kathleen Cadena, et al. v. Am. Honda Motor Co., Inc.,** *and related cases*

The motions were noticed to be heard on April 13, 2020. The Court read and considered the papers on the motions and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Vacating the hearing was further required by the Continuity of Operations Plan ("COOP") arising from the COVID-19 emergency. The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons set forth below, the Court rules as follows:

- The Consolidation Motion is **GRANTED**. The five actions involve significantly overlapping questions of fact and law and are well suited to consolidation. After all pending motions in the five actions are ruled upon, the Court **ORDERS** the actions be consolidated for all purposes including, but not limited to, discovery, pretrial proceedings and trial. The docket in case number CV 18-4007-MWF (PJWx) shall constitute the Master Docket for this action. After consolidation, the docket in case number CV 18-4007-MWF (PJWx) shall constitute the Master Docket for this action, and the following four actions shall be closed: Case No. 19-1390 (*Villanueva*); Case No. 19-2945 (*Fain*); Case No. 8:19-839 (*Mosqueda*); and Case No. 20-511 (*Ward*).

- The Interim Class Counsel Motion is **GRANTED**. Gibbs Law and Greenstone Law are appointed as interim class counsel pursuant to Rule 23(g)(3).

## I.   BACKGROUND

Before the Court are five putative class actions ("Actions") brought on behalf of persons who purchased or leased certain Honda Accords or CR-V model vehicles. (*See* Case No. 18-4007 ("Cadena") Third Amended Complaint (Docket No. 55)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 18-4007-MWF (PJWx)**               **Date:  June 9, 2020**
           **CV 19-1390-MWF (MAAx); CV 19-2945-MWF (PJWx)**
           **SA CV 19-839-MWF (MAAx); CV 20-511-MWF (PJWx)**
**Title:**    Kathleen Cadena, et al. v. Am. Honda Motor Co., Inc., *and related cases*

("Cadena Complaint"); Case No. 19-1390 ("Villanueva") Amended Complaint (Docket No. 14) ("Villanueva Complaint"); Case No. 19-2945 ("Fain") Amended Complaint (Docket No. 14) ("Fain Complaint"); Case No. 8:19-839 ("Mosqueda") First Amended Complaint (Docket No. 23) ("Mosqueda Complaint"); Case No. 20-511 ("Ward") First Amended Complaint (Docket No. 22) ("Ward Complaint")).

In each of the Actions, Plaintiffs allege that their vehicles were manufactured and sold with a defective Honda Sensing system. (Motion at 1-2) (citing complaints from all five Actions). Honda Sensing controls various functions, including automated braking. (*See id.*). In all five Actions, Plaintiffs allege that Honda's automated braking system is prone to false alarms and that Honda knew about the defect when it sold the vehicles. (*See id.*). Based on these allegations, the Actions asserts similar claims for relief, including breach of implied warranty and violations of consumer protection statutes in California and/or other states. (*See id.*).

Plaintiffs in *Cadena* filed the first action on May 14, 2018. (*See* Cadena Docket No. 1). After engaging in several rounds of motions to dismiss, the parties are now conducting discovery. (*See* Motion at 3). Plaintiffs in *Villanueva* filed the second action on February 25, 2019. (*See* Villanueva Docket No. 1). The parties similarly went through a round of motion to dismiss and are now conducting discovery. (*See* Motion at 3). The three other actions – *Fain, Mosqueda*, and *Ward* – commenced on April 16, 2019, May 6, 2019, and January 17, 2020 respectively. (*See* Fain Docket No. 1; Mosqueda Docket No. 1; Ward Docket No. 1). Discovery has not yet commenced in these three actions. (*See* Motion at 3).

**II.    DISCUSSION**

    **A.    Consolidation Motion**

Federal Rule of Civil Procedure 42(a) allows the Court to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "The district

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 18-4007-MWF (PJWx)  **Date:** June 9, 2020
CV 19-1390-MWF (MAAx); CV 19-2945-MWF (PJWx)
SA CV 19-839-MWF (MAAx); CV 20-511-MWF (PJWx)

**Title:**  Kathleen Cadena, et al. v. Am. Honda Motor Co., Inc., *and related cases*

court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) (citation omitted); *see also Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016) ("[D]istrict courts have broad discretion to consolidate complaints . . . ." (citation and internal quotation marks omitted)).

In determining whether to consolidate actions, "a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028-29 (N.D. Cal. 2003) (citation omitted). Consolidation is generally favored, *see Perez-Funez v. Dist. Dir., I.N.S.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984) (citing *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970)), but the moving party bears the burden of showing it is appropriate, *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993); *accord Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007).

The Court finds the Actions well suited to consolidation. All five actions involve significantly overlapping questions of fact. Each complaint alleges that Plaintiffs bought a Honda vehicle with a defective Honda Sensing system, and specifically, that the automated braking system is prone to false alarms. (*See* Motion at 5) (citing complaints from each of the Actions). Each complaint also alleges that Honda knew about the defect when it sold the vehicles. (*Id.*). Additionally, all five actions involve overlapping questions of law. Each action seeks certification of a class of purchasers or lessees of the defective vehicles. (*Id.*). Each action alleges that Honda violated various consumer protection laws and warranties. (*Id.* at 5-6) (citing complaints). The majority of the actions allege that Honda was unjustly enriched by its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 18-4007-MWF (PJWx)**                          **Date:  June 9, 2020**
         **CV 19-1390-MWF (MAAx); CV 19-2945-MWF (PJWx)**
         **SA CV 19-839-MWF (MAAx); CV 20-511-MWF (PJWx)**
**Title:**      Kathleen Cadena, et al. v. Am. Honda Motor Co., Inc., *and related cases*

conduct.  (*See id.*).  Indeed, the considerable overlap in the Actions has been apparent in the motion to dismiss proceedings, where the parties advanced similar arguments.

The Court is not aware of any significant delay or prejudice that would result from the consolidation of the Actions.  The cases are in relatively early stages of litigation, and in each case, discovery has not yet begun or has not progressed significantly.  Further, efficiency considerations significantly favor consolidation.  Future motion practice, discovery, and trial will be based on the same common set of facts and legal issues that arise in the Actions.  Consolidation at this juncture would minimize the burdens on the parties and would conserve judicial resources because the Court's burden in managing five separate actions will decrease.

Opposing Plaintiffs do not dispute that the five actions involve overlapping questions of fact and law. (Consolidation Opposition at 1).  However, they argue that the Court should deny the Motion because the *Cadena* action has progressed significantly beyond all four of the later-filed actions and consolidating these cases at this stage would delay adjudication of their claims.  (*Id.* at 4).  The Court disagrees.  While some fact discovery has occurred, it appears that no depositions have been taken.  (*See* Consolidation Motion at 4; Consolidation Reply at 2).  Moreover, trial in *Cadena* is scheduled for May 25, 2021, more than a year from now.  (*See* Docket No. 63 at 2).  Accordingly, the Court determines that the delay would not be significant.  To the extent that discovery is slightly more advanced in *Cadena*, some efficiency may be gained in the later filed actions.  Additionally, the Court notes the current environment resulting from the COVID-19 pandemic likely means that there will be some delay even apart from the consolidation.

Opposing Plaintiffs also argue that the Consolidation Motion should be denied because counsel for Moving Plaintiffs are engaging in an "abuse of procedure." (Consolidation Opposition at 5-6).  According to Opposing Plaintiffs, counsel for Opposing Plaintiffs and Moving Plaintiffs previously conferred regarding the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 18-4007-MWF (PJWx)** **Date: June 9, 2020**
  **CV 19-1390-MWF (MAAx); CV 19-2945-MWF (PJWx)**
  **SA CV 19-839-MWF (MAAx); CV 20-511-MWF (PJWx)**
**Title:**  Kathleen Cadena, et al. v. Am. Honda Motor Co., Inc., *and related cases*

consolidation of the Actions, but they disagreed as to litigation strategy and division of labor. (*Id.* at 5). Opposing Plaintiffs argue that Moving Plaintiffs are seeking to supersede the first-filed action by filing this Consolidation Motion. (*Id.*). Moreover, Opposing Plaintiffs argue that disagreements among Plaintiffs will result in waste of resources. (*Id.* at 6).

The Court disagrees. As Moving Plaintiffs note, the pending Interim Class Counsel Motion will alleviate concerns about disagreement among counsel. (*See* Consolidation Reply at 6). Furthermore, the Court agrees with Moving Plaintiffs that consolidation and appointment of class counsel is not an abuse of procedure, but rather a commonly used tactic, especially where proposed class actions concern a similar automotive defect. (*See id.* at 8) (citing cases).

Accordingly, the Consolidation Motion is **GRANTED.**

### B.  Interim Class Counsel Motion

Counsel from Gibbs Law Group LLP ("Gibbs Law") and Greenstone Law LPC ("Greenstone Law") (collectively "Gibbs and Greenstone Counsel") request that they be appointed as interim class counsel. (Interim Class Counsel Motion at 1). Counsel from four of the five pending actions—*Villanueva*, *Fain*, *Mosqueda*, and *Ward*—have signed onto the Interim Class Counsel Motion. (*Id.*). However, Lemberg Law Counsel, who represent *Cadena* Plaintiffs, oppose the motion. Lemberg Law Counsel argue that the Interim Class Counsel Motion should be denied, or alternatively, that they should be appointed as interim class counsel or co-lead class counsel. (Class Counsel Opposition at 1-2).

Federal Rule of Civil Procedure 23(g)(3) provides that "the court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Rule 23(g)(1)(A) states that a court "must consider" the following factors in appointing class counsel: (i) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 18-4007-MWF (PJWx)**     **Date:  June 9, 2020**
         **CV 19-1390-MWF (MAAx); CV 19-2945-MWF (PJWx)**
         **SA CV 19-839-MWF (MAAx); CV 20-511-MWF (PJWx)**
**Title:**    Kathleen Cadena, et al. v. Am. Honda Motor Co., Inc., *and related cases*

work counsel has done in identifying or investigating claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(A).  A court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).  "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class."  Fed. R. Civ. P. 23(g)(2).

As a preliminary matter, the Court rejects Lemberg Law Counsel's argument that the Interim Class Counsel Motion should be denied.  Counsel primarily argue that the motion is premature because the Actions have not yet been consolidated.  However, as explained above, the Consolidation Motion is granted.  Therefore, this argument is moot.

After considering the relevant factors, the Court concludes that Gibbs and Greenstone Counsel are best able to represent the interests of the putative class and appoints them as interim class counsel.

### 1. Work Identifying or Investigating Potential Claims

Gibbs and Greenstone Counsel assert that they have worked to identify and investigate potential claims.  For example, they carefully researched the relevant automotive industry literature and background of Honda's knowledge of the issue before filing the complaints, which resulted in detailed complaints in *Villanueva*, *Fain*, and *Mosqueda*.  (Interim Class Counsel Motion at 12; Declaration of Eric H. Gibbs ("Gibbs Decl.") ¶¶ 4-8 (Docket No. 67-1)).  Greenstone Law counsel further asserts that Greenstone Law, together with its *Mosqueda* co-counsel, interviewed approximately 80 putative class members as part of an ongoing independent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 18-4007-MWF (PJWx)** **Date: June 9, 2020**
   **CV 19-1390-MWF (MAAx); CV 19-2945-MWF (PJWx)**
   **SA CV 19-839-MWF (MAAx); CV 20-511-MWF (PJWx)**
**Title:**   Kathleen Cadena, et al. v. Am. Honda Motor Co., Inc., *and related cases*

investigation of Plaintiffs' claims. (*Id.*). Discovery is ongoing in *Villanueva*, and Gibbs Law have been actively engaged in discovery efforts, including responding to Honda's discovery requests and entering into a protective order. (*Id.*). Gibbs Law also negotiated the appropriate scope of discovery with Honda and devised a tolling agreement through which discovery could be provided by Honda entities other than American Honda Motor Company. (*Id.* at 12-13) (citing Gibbs Decl. ¶ 10). As a result, Honda has produced about 60,000 pages of documents in *Villanueva*. (*Id.*).

On the other hand, Lemberg Law Counsel assert that they have also spent ample time identifying and investigating *Cadena* Plaintiffs' claims, including interviewing the original Plaintiffs in the action and conducting additional factual and legal research. (Class Counsel Opposition at 5) (citing Declaration of Sergei Lemberg ("Lemberg Decl.") ¶¶ 11, 12 (Docket No. 73-1)). On October 29, 2019, *Cadena* Plaintiffs and Honda also exchanged their first rounds of written discovery requests, and Lemberg Law arranged Plaintiff Ferguson's vehicle to be made available for physical inspection by Honda on January 7, 2020. (Class Counsel Opposition at 6) (citing Lemberg Decl. ¶¶ 13, 14).

The Court determines that Gibbs and Greenstone Counsel as well as Lemberg Law Counsel have engaged in a substantial amount of time and effort identifying and investigating the potential claims of the putative class in this case.

### 2. Counsel's Experience and Knowledge

Gibbs and Greenstone Counsel demonstrate that both Gibbs Law and Greenstone Law have significant experience representing plaintiffs in class actions, including class actions involving automotive defects. (*See* Motion at 5-10) (citing Gibbs Decl., ¶¶ 14-22, Ex. A; Greenstone Decl., ¶¶ 3-4, Ex. A). They also highlight they were able to deliver a positive nationwide settlement in a number of these actions. (*See id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-4007-MWF (PJWx)          **Date:** June 9, 2020
           CV 19-1390-MWF (MAAx); CV 19-2945-MWF (PJWx)
           SA CV 19-839-MWF (MAAx); CV 20-511-MWF (PJWx)
**Title:**     Kathleen Cadena, et al. v. Am. Honda Motor Co., Inc., *and related cases*

      Lemberg Law Counsel also have shown that they are experienced in class actions and in representing plaintiffs in automotive actions. (Class Counsel Opposition at 6-7). However, as Gibbs and Greenstone Counsel note, Lemberg Law Counsel have not provided any instance where they have resolved an automotive defect action on a classwide basis. (*See id.*).

      The Court has no doubt that Lemberg Law Counsel are capable of handling this class action. However, the relative experience of Gibbs and Greenstone Counsel in automotive defect class actions suggests that they would be "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

### 3. Resources that Counsel Will Commit to Representing the Class

      Gibbs and Greenstone Counsel assert that they have demonstrated their commitment to representing consumers in past automotive litigation and other class actions. (Interim Class Counsel Motion at 10-12; Gibbs Decl. ¶¶ 12, 22; Greenstone Decl. ¶ 6). They point to a number of cases, where they represented plaintiffs in complex class actions, some of which involved years of contentious litigation. (*See id.*).

      Lemberg Law Counsel also state in the motion that they have the resources required to prosecute this litigation, both in terms of finances and infrastructure. (Class Counsel Opposition at 7). However, they did not provide any evidence of such resource in a declaration. Nonetheless, the Court notes that Lemberg Law Counsel have already committed significant resources to advancing this litigation.

      Both sides have proved themselves willing to commit the resources to this litigation based on their prosecution of the cases to-date. However, the Court notes that Gibbs and Greenstone Counsel has provided more robust evidence demonstrating their ability to commit significant resources to prosecuting this action going forward,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 18-4007-MWF (PJWx)<br>CV 19-1390-MWF (MAAx); CV 19-2945-MWF (PJWx)<br>SA CV 19-839-MWF (MAAx); CV 20-511-MWF (PJWx) | **Date: June 9, 2020** |
| **Title:** Kathleen Cadena, et al. v. Am. Honda Motor Co., Inc., *and related cases* | |

especially if the action ends up requiring substantial staffing and expenses. Accordingly, this factor slightly weighs in favor of Gibbs and Greenstone Counsel.

### 4. Other Matters

Lemberg Law Counsel note that they filed the *Cadena* action before the other four actions were filed, and argue that this fact weighs in favor of appointing them as interim class counsel. (Motion at 7-8).

"[T]he first-filed case may be a relevant factor when the factors for class counsel do not tilt heavily in either direction and there is a need for an objective tie-breaker." *Lowery v. Spotify USA Inc.*, No. CV-15-09929-BRO (RAOx), 2016 WL 6818756, at *3, n.2 (C.D. Cal. May 23, 2016). However, "it would be an abuse of discretion to appoint an attorney as class counsel solely because he may have won the race to the courthouse." *Id.* (citing *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1048 (9th Cir. 2015)). When there is not a "need for an objective tie-breaker," courts often appoint class counsel from a case that was not first filed. *See id.*; *Michelle v. Arctic Zero, Inc.*, Nos. 12-cv-2063–GPC (NLS) et al., 2013 WL 791145, at *2 n.3 (S.D. Cal. Mar. 1, 2013) ("In this case, as discussed below, the balance tips in favor of DSMW and PAS. Therefore, first to file is not a relevant factor in determining interim class counsel.").

Here, as discussed above, the balance of factors tips in favor of Gibbs and Greenstone Counsel. Accordingly, the fact that Lemberg Law Counsel filed the first case does not affect the Court's analysis.

### 5. Co-Lead Interim Counsel

Alternatively, Lemberg Law Counsel argue that they should serve as co-lead class counsel. (Class Counsel Opposition at 9). They assert that Gibbs Law and Lemberg Law previously agreed to work as co-lead counsel, and that they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 18-4007-MWF (PJWx)** **Date: June 9, 2020**
**CV 19-1390-MWF (MAAx); CV 19-2945-MWF (PJWx)**
**SA CV 19-839-MWF (MAAx); CV 20-511-MWF (PJWx)**
**Title:** Kathleen Cadena, et al. v. Am. Honda Motor Co., Inc., *and related cases*

memorialized that agreement in a Joint Prosecution Agreement. (*Id.*; Lemberg Decl. ¶17, Ex. 1 (Docket No. 73-2)). Although Gibbs Law has chosen to ignore the agreement, Lemberg Law Counsel argue that it should be still allowed to act as a co-lead counsel. (Class Counsel Opposition at 9).

The Court does not determine whether Lemberg Law and Gibbs Law indeed entered a binding agreement or whether Gibbs Law breached such an agreement. For the purposes of appointing of class counsel, the Court only considers what it is in the best interest of the class. While Lemberg Law Counsel argues that it would be in the class members' interest to allow them to act as co-lead counsel, they do not persuasively explain why this is the case. Moreover, the Court notes that inefficiencies are likely to arise if another law firm were to serve as the third co-lead counsel, especially where the parties have not agreed to do so. Therefore, the Court will not appoint Lemberg Law as a co-lead interim class counsel.

Accordingly, the Interim Class Counsel Motion is **GRANTED**. Gibbs Law and Greenstone Law are appointed as interim class counsel.

### III. CONCLUSION

The motions are ruled upon as follows:

- The Consolidation Motion is **GRANTED**. The Court notes that there are three total pending motions in *Villanueva*, *Fain*, and *Ward*. After these pending motions are ruled upon, the Court **ORDERS** the Actions be consolidated for all purposes including, but not limited to, discovery, pretrial proceedings and trial. After consolidation, the docket in case number CV 18-4007-MWF (PJWx) shall constitute the Master Docket for this action, and the following four actions shall be closed: Case No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 18-4007-MWF (PJWx)**                  **Date:  June 9, 2020**
            **CV 19-1390-MWF (MAAx); CV 19-2945-MWF (PJWx)**
            **SA CV 19-839-MWF (MAAx); CV 20-511-MWF (PJWx)**
**Title:**   Kathleen Cadena, et al. v. Am. Honda Motor Co., Inc., *and related cases*

19-1390 (*Villanueva*); Case No. 19-2945 (*Fain*); Case No. 8:19-839 (*Mosqueda*); and Case No. 20-511 (*Ward*).

- The Interim Class Counsel Motion is **GRANTED**.  Gibbs Law and Greenstone Law are appointed as interim class counsel.

IT IS SO ORDERED.